FILED & ENTERED

MAR 28 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**9017 CR DR, LLC,**<br><br>　　　　　　　　Debtor. | Case No.: 2:22-bk-16626-BR<br><br>Chapter 7<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO THE SHOW CAUSE HEARING WHY: (1) THIS CASE SHOULD NOT BE DISMISSED AS AN ABUSIVE FILING; (2) BENJAMIN S. NACHIMSON SHOULD NOT BE SANCTIONED UNDER RULE 9011 FOR THE BAD FAITH FILING; (3) BENJAMIN S. NACHIMSON SHOULD NOT BE FOUND IN CONTEMPT; AND (4) BENJAMIN S. NACHIMSON SHOULD NOT BE REFERRED TO THE BANKRUPTCY COURT'S DISCIPLINARY PANEL<br><br>DATE:　February 21, 2023<br>TIME:　10:00 am<br>PLACE: Courtroom 1668<br>　　　　255 East Temple Street<br>　　　　Los Angeles, CA 90012 |

　　　This matter is before the Court on its "Order Directing Benjamin S. Nachimson to Personally Appear and Show Cause Why: (1) This Case Should Not be Dismissed as an Abusive Filing; (2) Benjamin S. Nachimson Should Not Be Sanctioned Under Rule 9011 for Bad Faith Filing; (3) Benjamin S. Nachimson Should Not Be Found in Civil Contempt; and (4) Benjamin S. Nachimson Should Not Be Referred to the Bankruptcy Court's Disciplinary Panel for His Conduct in Filing Debtor's Cases" entered on December 28, 2022 (Docket No. 28).  On February 21, 2023, the Court held a hearing related to its order.

The order directed Mr. Nachimson to personally appear at the February 21, 2023 hearing and file a response to the order by February 7, 2023. Appearances at the hearing were as follows: Benjamin S. Nachimson appeared on his own behalf; Ron Maroko appeared on behalf of the United States Trustee.

Pursuant to its February 21, 2023 hearing, the Court makes the following findings of fact and conclusions of law as to why: (1) this case should not be dismissed as an abusive filing; (2) Benjamin S. Nachimson should not be sanctioned under Federal Rule of Bankruptcy Procedure Rule 9011 for the bad faith filing; (3) Benjamin S. Nachimson should not be found in contempt; and (4) Benjamin S. Nachimson should not be referred to the Bankruptcy Court's Disciplinary Panel.

## FINDINGS OF FACT

1. Mr. Nachimson did not file a response by February 7, 2023 as directed by the order (Docket No. 28).

2. Mr. Nachimson is an attorney licensed to practice law in the State of California under the bar number 166690.

3. Debtor, 9017 CR DR, LLC, was organized on September 13, 2019. Mr. Nachimson is listed as the Manager of the debtor according to Statement of Information filed with the California Secretary of State on September 20, 2019.

4. Debtor has an interest in real property identified as 9017 Cresta Drive, Los Angeles, CA, 90035 ("Cresta Property"), which it acquired via quitclaim deed on November 22, 2019. The quitclaim deed recites that Benjamin Nachimson and Susan Nachimson, husband and wife as joint tenants, grant the debtor, 9017 CR DR, LLC, all of their rights, title, and interest in the real property. Mot. for Relief from the Automatic Stay, Ex. 4, 2:20-bk-10619-RK, ECF 7. Susan Nachimson acquired the property on June 29, 2007. Mot. for Relief from the Automatic Stay, Ex. 1, 2:20-bk-10619-RK, ECF 7.

5. The Cresta Property is the personal residence of Mr. Nachimson and his spouse Susan Rachel Nachimson.

6. On December 5, 2022, the debtor filed a chapter 7 bankruptcy petition, which was assigned Case No. 2:22-bk-16626-BR. Mr. Nachimson signed the petition on behalf of the debtor as the representative authorized to request bankruptcy relief with the title "Managing Member." Bankr. Pet., 4, 2:22-bk-16626-BR. ECF No. 1.

7. Mr. Nachimson also signed the petition as debtor's counsel. Bankr. Pet., 5, 2:22-bk-16626-BR, ECF 1.

8. The petition filed on December 5, 2022 is the sixth petition that debtor has filed with Mr. Nachimson as signatory since the debtor was organized in 2019. These cases are:

| Debtor Name | Date Filed | Case No. | Disposition |
| --- | --- | --- | --- |
| 9017 CR DR, LLC | November 24, 2019 | 2:19-bk-23822-ER | Dismissed on December 19, 2019. |
| 9017 CR DR, LLC | December 23, 2019 | 2:19-bk-24932-RK | Dismissed on January 14, 2020. |
| 9017 CR DR, LLC | January 21, 2020 | 2:20-bk-10619-RK | Dismissed on March 5, 2020. |
| 9017 CR DR, LLC | September 30, 2021 | 2:21-bk-17007-BR | Dismissed on October 13, 2021. |
| 9017 CR DR, LLC | October 30, 2022 | 2:22-bk-15944-BR | Dismissed on November 22, 2022. |
| 9017 CR DR, LLC | December 5, 2022 | 2:22-bk-16626-BR (the current case) | Dismissed on December 22, 2022 permanently barring the debtor from filing any subsequent bankruptcies. |

9. Before the debtor was even formed or title to the Cresta Property was transferred to the debtor, Mr. Nachimson and his spouse Susan Rachel Nachimson filed four additional bankruptcy petitions involving the Cresta Property. These cases are:

///

///

///

| Debtor Name | Date Filed | Case No. | Disposition |
|---|---|---|---|
| Benjamin Nachimson | May 17, 2019 | 2:19-bk-15743-WB | Dismissed on June 11, 2019. |
| Benjamin Nachimson | June 21, 2019 | 2:19-bk-17227-NB | Dismissed on September 3, 2019. |
| Susan Rachel Nachimson | July 23, 2019 | 2:19-bk-18524-SK | Dismissed on August 15, 2019. |
| Susan Rachel Nachimson | August 20, 2019 | 2:19-bk-19739-SK | Dismissed on November 19, 2019 with a 180-day bar against refiling. |

*The Previous Petitions Were Abusive Filings*

10. Case No. 2:19-bk-15743-WB ("first bankruptcy") filed on May 7, 2019 was a chapter 13 case filed by Mr. Nachimson. Bankr. Pet., at 1, 6, 2:19-bk-15743-WB, ECF 1. An order dismissing the bankruptcy for failure to file the required statements and schedules was entered on June 4, 2019. Ord. and Notice of Dismissal, 2:19-bk-15743-WB, ECF 9.

11. Case No. 2:19-bk-17227-NB ("second bankruptcy") filed on June 6, 2021 was also a chapter 13 case filed by Mr. Nachimson. Bankr. Pet., at 1, 6, 2:19-bk-17227-NB, ECF 1. An order dismissing the bankruptcy for failure to file the required statements and schedules was entered on July 9, 2019. Ord. and Notice of Dismissal, 2:19-bk-17227-NB, ECF 11.

12. Question nine of the petition form asks debtors if they have filed for bankruptcy within the last eight years. In response to question nine, Mr. Nachimson checked the box for "no." Bankr. Pet., at 3, 2:19-bk-17227-NB, ECF 1. Considering that the second bankruptcy was filed a mere two days after the order dismissing the first bankruptcy was entered, it is obvious that Mr. Nachimson made a false statement when answering question nine. As signatory on both the first bankruptcy petition and the second bankruptcy petition, Mr. Nachimson had knowledge of the first bankruptcy petition.

4

13. Case No. 2:19-bk-18524-SK ("third bankruptcy") was a chapter 13 case filed on July 23, 2019 by Susan Rachel Nachimson. Bankr. Pet., at 6, 2:19-bk-18524-SK, ECF 1. Mr. Nachimson also signed the petition as Ms. Nachimson's attorney. Bankr. Pet., at 7, 2:19-bk-18524-SK, ECF 1. An order dismissing the bankruptcy for failure to file the required statements and schedules was entered on August 12, 2019. Ord. and Notice of Dismissal, 2:19-bk-18524-SK, ECF 11.

14. Case No. 2:19-bk-19739-SK ("fourth bankruptcy") was a chapter 13 case filed on August 20, 2019 by Susan Rachel Nachimson, again with Mr. Nachimson signing as Ms. Nachimson's attorney. Bankr. Pet., at 6, 7 2:19-bk-19739-SK, ECF 1.

15. The signature pages on the fourth bankruptcy petition are dated July 23, 2019, which is the same date the third bankruptcy was filed. This indicates to the Court that at the very least, the signature pages, if not the petitions themselves, were re-used between the third and fourth bankruptcies.

16. On the petition for the fourth bankruptcy, Ms. Nachimson indicated that she had not filed for bankruptcy within the past eight years. Bankr. Pet., at 3, 2:19-bk-19739-SK, ECF 1. The third bankruptcy was filed by Ms. Nachimson less than a month before the fourth bankruptcy was filed. Ms. Nachimson's response to question nine of the bankruptcy petition was false, and this false statement was ratified by Mr. Nachimson as her attorney. Later, on September 3, 2019, Ms. Nachimson filed a statement of related cases which included the case number of the third bankruptcy. Statement of Related Cases, 2:19-bk-19739-SK, ECF 9.

17. On November 13, 2019, Judge Klein entered her "Order and Notice of Dismissal Arising From Chapter 13 Confirmation Hearing [11 U.S.C. § 109(g)]" dismissing the bankruptcy and barring Susan Rachel Nachimson from filing any new bankruptcy petition within 180 days of the order. Ord. and Notice of Dismissal, 2:19-bk-19739-SK, ECF 16.

18. Undaunted by the 180-day bar against filing, Mr. Nachimson formed the debtor, transferred the title of the Cresta Property to the debtor, and continued to file

5

1  bankruptcy petitions involving the Cresta Property.

2      19.   Case No. 2:19-23822-ER ("fifth bankruptcy") was a chapter 7 case filed on November 24, 2019 by the debtor. Bankr. Pet., at 1, 2:19-23822-ER, ECF 1. Mr. Nachimson signed the petition as both the representative of the debtor, listing his title as "Member" and as the debtor's attorney. Bankr. Pet., at 4, 2:19-23822-ER, ECF 1. An order dismissing the bankruptcy for failure to file the required statements and schedules was entered on December 19, 2019. Ord. and Notice of Dismissal, 2:19-23822-ER, ECF 9.

20.   On December 23, 2019, a mere four days after the fifth bankruptcy was dismissed, debtor filed another chapter 7 case which was given the number 2:19-bk-24932-RK ("sixth bankruptcy"). Bankr. Pet., at 1, 2:19-bk-24932-RK, ECF 1. Again, Mr. Nachimson signed the petition as the debtor's representative listing his title as "Member" and also signed the petition as the debtor's attorney. Bankr. Pet., at 4, 2:19-bk-24932-RK, ECF 1. Mr. Nachimson listed the fifth bankruptcy as a prior bankruptcy case on the petition. Bankr. Pet., at 2, 2:19-bk-24932-RK, ECF 1. An order dismissing the bankruptcy for failure to file the required statements and schedules was entered on January 10, 2020. Ord. and Notice of Dismissal, 2:19-bk-24932-RK, ECF 7.

21.   Case No. 2:20-bk-10619-RK ("seventh bankruptcy") was a chapter 7 case filed on January 21, 2020 by the debtor with Mr. Nachimson signing as the debtor's representative as "Member" and also signing as the debtor's attorney. Bankr. Pet., at 4, 2:20-bk-10619-RK, ECF 1. In response the question of whether prior bankruptcies were filed by the debtor within the past eight years, Mr. Nachimson listed the fifth bankruptcy, but gave no indication of the sixth. Bankr. Pet., at 2, 2:20-bk-10619-RK, ECF 1. An order dismissing the seventh bankruptcy for failure to file the required statements and schedules was entered on February 6, 2020. Ord. and Notice of Dismissal, 2:20-bk-10619-RK, ECF 10.

22.   In the previous bankruptcies, creditors of the Cresta Property had filed relief from stay motions to no avail as the debtor was dismissed before the motion could be heard and relief could be granted. In the seventh bankruptcy, creditors requested in rem

relief and annulment of the automatic stay. Notice of Intent to Proceed with in Rem Mot. for Relief and Req. for Annulment, at 2, 2:20-bk-10619-RK, ECF 12. Judge Kwan granted the motion in part finding that the filing of the bankruptcy petition violated 11 U.S.C. § 362(d)(4) and was "part of a scheme to hinder, delay, or defraud creditors." Ord. Granting Mot. for Relief from the Automatic Stay, at 2, 2:20-bk-10619-RK, ECF 17. Judge Kwan specifically found that the debtor was involved in the scheme which included transferring the property to the debtor without the consent of the secured creditor or the court and filing multiple bankruptcy cases affecting the Cresta Property. Ord. Granting Mot. for Relief from the Automatic Stay, at 2, 2:20-bk-10619-RK, ECF 17. The order stated that the automatic stay was terminated as to the debtor and the debtor's estate, and that no further automatic stay shall arise as to the property, or any bankruptcy case commenced by or against the debtor for 180 days. Ord. Granting Mot. for Relief from the Automatic Stay, at 2, 3, 2:20-bk-10619-RK, ECF 17.

23. Despite being found to be part of a scheme to hinder or delay creditors in violation of 11 U.S.C. § 362(d)(4) in the seventh bankruptcy, Case No. 2:21-bk-17007-BR ("eighth bankruptcy") was filed by the debtor on September 3, 2021. Bankr. Pet., at 1, 2:21-bk-17007-BR, ECF 1. The eighth bankruptcy was a chapter 7 case and Mr. Nachimson signed as the debtor's representative listing his title as "Managing Member" and also signed the petition as the debtor's attorney. Bankr. Pet., at 4-5, 2:21-bk-17007-BR, ECF 1. Mr. Nachimson indicated only one prior bankruptcy on the petition, the seventh bankruptcy. Bankr. Pet., at 3, 2:21-bk-17007-BR, ECF 1.

24. After initially dismissing the eighth bankruptcy case for failure to file the required statements and schedules, the dismissal was vacated in September 2021. 2:21-bk-17007-BR, ECF 14, 15. Creditors had again moved for a relief from stay which was granted. 2:21-bk-17007-BR, ECF 10, 21. In its order granting relief from stay, this Court also found that debtor violated 11 U.S.C. § 362(d)(4) by filing a petition that was part of scheme to hinder, delay, or defraud creditors, and that the scheme involved the debtor. Ord. Granting Mot. for Relief from the Automatic Stay, at 2, 2:21-bk-17007-BR, ECF 21.

The order provided that the automatic stay would not arise as to the property in any case commenced by or against the debtor, or any debtor who claimed any interest in the property for 180 days. Ord. Granting Mot. for Relief from the Automatic Stay, at 3, 2:21-bk-17007-BR, ECF 21.

25. Amazingly, debtor filed another chapter 7 petition on October 30, 2022 which was assigned Case No. 2:22-bk-15944-BR ("ninth bankruptcy"). Mr. Nachimson signed this bankruptcy as debtor's representative, stating his title was "Managing Member" and again signed the petition as attorney for the debtor. Bankr. Pet., at 4, 2:22-bk-15944-BR, ECF 1.

26. In the ninth bankruptcy, Mr. Nachimson answered "yes" as to whether the debtor had filed bankruptcy in the previous eight years but did not list any corresponding case numbers. Bankr. Pet., at 3, 2:22-bk-15944-BR, ECF 1.

27. An order dismissing the ninth bankruptcy for failure to file the required statements and schedules was entered on November 21, 2022. Ord. and Notice of Dismissal, 2:22-bk-15944-BR, ECF 6.

*The Current Bankruptcy Petition is an Abusive Filing*

28. Two weeks after the ninth bankruptcy was dismissed, on December 5, 2022, debtor filed the current bankruptcy ("tenth bankruptcy"), which was given the Case No. 2:22-bk-16626-BR. Like the other petitions filed by debtor, this bankruptcy was a chapter 7. Bankr. Pet., at 2, 2:22-bk-16626-BR, ECF 1. Mr. Nachimson signed the petition as representative of the debtor, listing his title as "Manager" and then signed again as debtor's counsel. Bankr. Pet., at 4-5, 2:22-bk-16626-BR, ECF 1. This petition, like the others, was missing the required statements, schedules, and declarations. Bankr. Pet., 2:22-bk-16626-BR, ECF 1-1.

29. On December 19, 2022 the United States Trustee filed an "Application for Issuance of an Order Directing Benjamin S. Nachimson in His Capacities as Manager of Debtor and Attorney for Debtor to: Personally Appear and Show Cause Why: (1) This Case Should Not Be Dismissed as an Abusive Filing; (2) Benjamin S. Nachimson Should

1  Not be Sanctioned Under Rule 9011 for the Bad Faith Filing; (3) Benjamin S. Nachimson
2  Should Not Be Found in Contempt; and (4) Benjamin S. Nachimson Should Not Be
3  Referred to the Bankruptcy Court's Disciplinary Panel for His Conduct in Filing Debtor's
4  Cases." UST Appl. for Issuance of an Ord., 2:22-bk-16626-BR, ECF 14. This pleading
5  outlined the multiple bankruptcies described above.

6   30. In response to the United States Trustee's application for order, Mr. Nachimson filed an *ex parte* application. Ex Parte Application Re: Dismissal of Case, 2:22-bk-16626-BR, ECF 18. Mr. Nachimson admitted that the purpose of the current bankruptcy petition was to allow time for the debtor to obtain a loan to refinance the Cresta Property. Ex Parte Application Re: Dismissal of Case, 1:26-28, 2:22-bk-16626-BR ECF 18.

   31. On December 22, 2022, this Court entered an order dismissing the case, retaining jurisdiction over all issues involving sanctions and barring the debtor permanently from filing any subsequent bankruptcies. Ord. Granting Ex Parte Application Re: Dismissal of Case, at 2:6-10, 2:22-bk-16626-BR, ECF 18.

   32. To the extent any of the above findings of fact contain conclusions of law, they shall be deemed to be conclusions of law; to the extent that any of the following conclusions of law contain findings of fact, they shall be deemed to be findings of fact.

### Conclusions of Law

*Mr. Nachimson Violated Federal Rule of Bankruptcy Procedure 9011*

   33. Rule 9011 is violated when a petition is presented for an improper purpose, "such as to harass or cause unnecessary delay or needless increase in the cost of litigation." FED. R. BANKR. P. 9011(b)(1). "If a court finds that a motion or paper, other than a complaint, is filed in the context of a persistent pattern of clearly abusive litigation activity, it will be deemed to have been filed for an improper purpose and sanctionable." *Aetna Life Ins. Co. v. Alla Med. Servs. Inc.*, 855 F.2d 1470, 1476 (9th Cir. 1988). Here, there is a persistent pattern of abusive filings.

   34. As detailed above, Mr. Nachimson has caused the debtor to file multiple bankruptcy petitions since 2019. Prior to the debtor's filings, Mr. Nachimson and his

spouse, Susan Rachel Nachimson, filed four bankruptcy petitions. In all of these cases, the petitions did not include the required schedules and statements.

35.  Based on a review of all of these petitions and their missing documents, as well as Mr. Nachimson's own admission in his *ex parte* application in the current bankruptcy that the petition was filed to allow time to refinance the Cresta Property, the Court concludes that the debtor's bankruptcies, as well as those filed by Mr. Nachimson personally and those filed by Susan Rachel Nachimson were part of a scheme hinder or delay creditors. Mr. Nachimson devised that scheme.

36.  Mr. Nachimson signed and filed the current petition for an improper purpose.

37.  Mr. Nachimson improperly used the bankruptcy process so that he could personally obtain the benefits of the automatic stay.

38.  Mr. Nachimson failed to disclose prior bankruptcies on the debtor's current petition.

39.  For his violation of Rule 9011, referral to the Bankruptcy Court's Disciplinary Panel is a sufficient sanction.

## Contempt and Disciplinary Proceedings

40.  While Mr. Nachimson's behavior over the course of these petitions is egregious, the Court does not conclude he should be held in civil contempt.

41.  For all the reasons stated above, this Court will be referring Mr. Nachimson to the Bankruptcy Court's Disciplinary Panel.

Date: March 28, 2023

_____
Barry Russell
United States Bankruptcy Judge